# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

TERRANCE TAYLOR,  :
AIS 193913,
                  :
    Petitioner,
                  :
vs.               :    CA 08-0632-KD-C
                  :
DAVID J. WISE,
                  :
    Respondent.

## **REPORT AND RECOMMENDATION**

Terrance Taylor, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  (*Compare* Doc. 7 *with* Doc. 1)  This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).[1]

---

[1]     The undersigned informs petitioner that to the extent he is challenging the actual conditions of his confinement, as opposed to the fact or duration of his confinement, habeas corpus provides no relief; instead, he must file a civil rights action under 42 U.S.C. § 1983.

## **FINDINGS OF FACT**

1.     Taylor was convicted in the Circuit Court of Mobile County, Alabama on or about July 15, 1997 of one count of receiving stolen property in the first degree, three counts of first-degree robbery, two counts of first-degree kidnapping, three counts of first-degree rape, and six counts of first-degree sodomy. (*Compare* Doc. 1, at 2 *with* Doc. 6, MEMORANDUM, at 1) Petitioner was sentenced to ten years imprisonment for receiving stolen property and fourteen consecutive terms of life imprisonment on the remaining convictions. (Doc. 6, MEMORANDUM) Taylor's convictions and sentences were affirmed on appeal by memorandum decision entered on March 6, 1998. *See Taylor v. State*, 728 So.2d 714 (Ala.Crim.App. 1998) (table).[2] Petitioner's

---

[2]     This opinion reads, in relevant part, as follows:

   Terrance Taylor, George Robinson, and Lee Harris gave statements admitting their participation in the following crimes committed on May 29th and 30th, 1996.

   Taylor, Robinson, Harris, along with Melvin Smith and Demarcus Chavers abducted a young woman at gunpoint, robbed her of money and took her car. Two hours later, the group abducted two young women at gunpoint, savagely gang raped and sodomized them before robbing them of jewelry and leaving them naked in a park. A few hours later, the group abducted yet another victim. She was raped, sodomized, and robbed of her engagement and wedding rings. The following morning, police arrested Taylor and Robinson after recognizing the stolen car. At the time of arrest, Taylor was wearing the wedding rings taken from the fourth victim.

   APPELLANT ARGUMENT

> application for rehearing was denied on May 8, 1998, *Taylor v. State*, 738
>
> Taylor argues that his confession was coerced, thus involuntary because police officers threatened him with these specific statements: *"Your life depends on it"* and *"there's gonna be a problem"*. We disagree.
>
> Miranda v. Arizona mandates procedural safeguards to relieve the inherent coercive pressure of a custodial interrogation. Colorado v. Connelly holds that due process requires an inquiry into voluntariness and that coercive police activity is a necessary predicate to the finding that a confession is not "voluntary."
>
> Within a totality of the circumstances analysis, Ex Parte Gaddy provides the inquiry: was the defendant's will overborne by "apprehension of harm or hope of favor?" There are two pertinent considerations within this inquiry. One, "the conduct of the law enforcement officials in creating pressure" and two, "the suspect's capacity to resist that pressure." "Totality of the circumstances" considers age, education or intelligence, length of detention, physical punishment or deprivation, prior arrests, explicit or implicit promises made by interrogators and ultimately any overt coercion by police.
>
> According to the Mobile Police Department Statement Narrative Form, the Miranda warnings were properly administered by Sgt. Wayne Farmer before Terrance Taylor gave his statement. There is no evidence presented to suggest coercive police activity other than the two statements Taylor has taken out of context. Although Taylor was only eighteen, he was familiar with the criminal interrogation procedure. Therefore, considering the "totality of the circumstances" taken in context with the entire interrogation, those two statements were not threats, but were admonishments for the defendant to tell the truth.
>
> Furthermore, "this court has repeatedly held that the fact an officer tells an accused that it would be better to tell the truth does not render a statement inadmissible." "A promise or inducement for a confession cannot be implied from an exhortation to a prisoner that it is best or better to tell the truth." The trial court's decision regarding the voluntary nature of such a statement is supported by a preponderance of the evidence and will not be disturbed on appeal unless it is "manifestly contrary to the great weight of the evidence."
>
> For the above-stated reasons, the judgment of the trial court is due to be, and is hereby, affirmed.

(Doc. 6, MEMORANDUM, at 1-2 (internal citations omitted))

So.2d 935 (Ala.Crim.App. 1998) (table), and his petition for writ of certiorari was denied by the Alabama Supreme Court on August 28, 1998, *Ex parte Taylor*, 741 So.2d 1132 (Ala. 1998) (table).

2. Taylor did not collaterally attack his convictions and sentences in the state courts of Alabama. (*See* Doc. 1, at 4)

3. On October 27, 2008, petitioner filed the instant petition in this Court (*see* Doc. 1, at 13 (reflecting a date of October 27, 2008)) claiming that his "sentence[s] and confinement constitute cruel and unusual punishment, which is prohibited by the 8th and 14th Amendments of U.S. Const." (*Id*. at 7)

> Comes now the Petitioner and asserts that his sentence of 10 years and 14 consecutive life sentences are prohibited by the 8th and 14th amendments of the United States Constitution because the sentences are illegal, unnecessary and constitute cruel and unusual punishment.
>
> Petitioner asserts that since being sentenced, the Alabama Department of Corrections [] by and through the Office of the Commissioner has confined him to cruel and unusual punishment.
>
> Petitioner asserts that the DOC Commissioner Richard Allen has intentionally and deliberately failed to provide him with adequate shelter, food, sanitation, reasonable safety and protection, rehabilitation assistance and living space, which meet the minimum constitutional standards under the 8th and 14th amendments of the U.S. Const.
>
> Petitioner asserts that the failure of the DOC Commissioner to provide him with confinement which meet the

> minimum constitutional standards under the 8th and 14th Amendments of the U.S. Constitution has exposed him to potential serious physical and mental injuries.
>
> Petitioner asserts that Commissioner Allen, after knowing these conditions exist, along with the fact of petitioner['s] exposure to serious physical and mental injury, has done little or nothing to correct the violations or dangers.
>
> THEREFORE, immediate relief should be granted and petitioner['s] sentence[s] [should be] vacated as a matter of law.

(Doc. 1, at 14 (internal citations omitted)) Taylor states in the habeas petition that he raised this claim to the Circuit Court of Mobile County, the Alabama Board of Pardons and Paroles, and the Alabama Department of Corrections. (*Id.* at 7; *see also id.* ("The District Attorney office of Mobile and Attorney General office were served also."))

    4.    On December 15, 2008, the respondent answered the complaint. (Doc. 6) Therein, respondent contends that the petition should be dismissed on the basis that it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) (*id.* at 2) and, alternatively, that it should be dismissed because the petition constitutes an attack on Taylor's conditions of confinement and, therefore, should have been filed under 42 U.S.C. § 1983 (*id.* at 2-3).

    5.    In his traverse to the answer, Taylor contends that "the

respondent's arguments against relief[] are misplaced, unsupported by law and contrary to the interpretation and meaning of the 8th and 14th amendments of the United States Constitution." (Doc. 7, at 1)

> The respondent's allegation[], [that] Taylor['s] claim[] has not been presented to state court, is incorrect and/or false.
>
> Taylor asserts that his claim was properly raised in State proceedings when he filed his petition for emergency parole, pursuant to Alabama Administrative law, with the Alabama Board of Pardon[s] and Parole[s]. A copy of the petition was served, on all interest[ed] parties, Department of Correction[s] Commissioner Richard Allen, Circuit Judge Charles Graddick and District Attorney John Tyson[,] Jr. Of Mobile County, Alabama.
>
> Taylor asserts that because he is challenging the Alabama Parole Board decision concerning his petition for emergency parole, his claim was properly raised[] under [] 28 U.S.C. section 2241.
>
> Moreover[,] Taylor asserts that by his claim being raised pursuant [to] **Newman v. Alabama**, 683 F.2d 1312 (1982), United States Supreme Court clearly established law, **Ween (sic) v. United States**, 54 L.Ed. 914 (1910) and **Johnson v. Sayre**, 39 L.Ed. 914 (1895).
>
> According to these precedents[,] Taylor['s] claim does not have to be raised under Rule 32.2(c), nor within the one-year statute of limitations period of 28 U.S.C. section 2244.
>
>
> [] The respondent's allegations that Habeas corpus proceedings is not the correct means to raise the allegations and facts supporting Taylor['s] claim is contrary to the 8th and 14th amendments of the United States Constitution[,] [a]nd U.S.

> Supreme Court, Federal Circuit and District court, and State Supreme Court precedents, interpretation and meaning of the facts and allegations supporting Taylor['s] claim.
>
> Furthermore, the respondent's have not disputed nor refuted the allegations and facts supporting Taylor['s] claim, therefore the claim is meritorious on it[]s face, warranting an evidentiary hearing and appropriate relief.

(*Id.* at 1-3 (some internal citations omitted))

## **CONCLUSIONS OF LAW**

1. "In *Medberry v. Crosby*, 351 F.3d 1049 (2003), this Court held that there was but one habeas corpus remedy for those imprisoned pursuant to a State court judgment, and that it was governed by both § 2241 and § 2254; for those imprisoned pursuant to a State court judgment, we held that the habeas corpus remedy is authorized by § 2241, but also subject to § 2254 and all of its attendant restrictions." *Peoples v. Chatman*, 393 F.3d 1352 (11th Cir. 2004). Therefore, while Taylor is correct that he properly brings the instant habeas corpus action under § 2241 (*see* Doc. 7, at 2 (asserting that his claim is properly raised under § 2241)), he is incorrect that the one-year statute of limitations contained in § 2244 is inapplicable to his petition, *see Peoples, supra* ("Because there is a single habeas corpus remedy for those imprisoned pursuant to a State court judgment (authorized by § 2241 but subject to all of the restrictions of § 2254), and because one of those restrictions is the one-year

statute of limitations set out in § 2244(d), it follows that the one-year statute of limitations applies to [petitioner's] petition.") (internal citations omitted).

2.      As indicated, 28 U.S.C. § 2244 provides for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254, *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), or 28 U.S.C. § 2241, *Peoples, supra*.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3. Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Taylor's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his conviction became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is not applicable in this case since Taylor's convictions became final in 1998.

4. Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]"On direct appeal, the Alabama Court of Criminal Appeals affirmed Taylor's convictions and sentences on March 6, 1998 and overruled his application for rehearing on May 8, 1998. Taylor's petition for writ of certiorari review was denied on August 28, 1998. By operation of law,

therefore, Taylor's convictions became final 90 days after August 28, 1998, that is, on or about November 26, 1998. *Coates v. Byrd,* 211 F.3d 1225, 1226 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001); *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 17, 1997."); *see Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) ("This statute of limitations allows a prisoner the time to seek review in the Supreme Court of the United States.").

   5. Taylor's one-year period of limitations under AEDPA began to run on November 26, 1998 and expired on November 26, 1999. Taylor is

unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates, supra*, 211 F.3d at 1227 ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), because he did not file any collateral attacks on his convictions and sentences. *Cf. Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).

6.      While petitioner makes no equitable tolling argument in his complaint or traverse to respondent's answer (*see* Docs. 1 & 7), the undersigned nonetheless considers the possible applicability of this doctrine to the instant case. Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted).  Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time.  *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is

proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

7.  In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no argument that he was ignorant of the one-year limitations period. It is apparent to the undersigned that nothing

other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.[3]

---

[3] If, as respondent indicates, Taylor is attempting to attack his conditions of confinement in an effort to make his confinement more palatable (*see* Doc. 1, at 14 ("DOC Commissioner Richard Allen has intentionally and deliberately failed to provide him with adequate shelter, food, sanitation, reasonable safety and protection, rehabilitation assistance and living space, which meet the minimum constitutional standards under the 8th and 14th amendments of the U.S. Const.")), the proper vehicle for him to make such attack is not a habeas corpus action, like the instant one, but, instead, a civil rights complaint under 42 U.S.C. § 1983. *See, e.g., Hernandez v. Florida Department of Corrections*, 281 Fed.Appx. 862, 865 (11th Cir. 2008) ("In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person acting under color of state law; (2) deprived him of a right secured by the Constitution. The Eighth Amendment forbids punishments that are cruel and unusual in light of contemporary standards of decency. Accordingly, the Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive in prison. '[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care,' and must 'protect prisoners from violence at the hands of other prisoners.'") (internal citations omitted); *Hamm v. DeKalb County*, 774 F.2d 1567, 1570 & 1571 (11th Cir. 1985) ("Hamm filed this action against the County alleging that his constitutional rights had been violated as a result of the totality of the conditions at the County jail, including the overcrowding, the unsanitary manner in which the food was served, and the inadequacy of the medical care he received. He filed the suit pro se and in forma pauperis and sought damages under 42 U.S.C. § 1983. . . . Although the Constitution does not and the court cannot dictate the general conditions that should exist in jails and prisons, the Constitution does require conditions of confinement imposed by states to meet certain minimum standards. The eighth and fourteenth amendments set limits on the treatment and conditions that states may impose on prisoners. Therefore, while a court must not substitute its views for those of legislators and jail administrators and it must limit its inquiry to the issue of whether conditions of confinement violate a prohibition of the Constitution, 'it is [the court's] duty, when jurisdiction is properly invoked, to protect prisoners' rights.'") (internal citations omitted), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). However, given Taylor's insistence that he is seeking immediate release or a speedier release from confinement (*see* Doc. 1, at 14 ("[T]he Petitioner [] asserts that his sentence of 10 years and 14 consecutive life sentences are prohibited by the 8th and 14th amendments of the United States Constitution because the sentences are illegal, unnecessary and constitute cruel and unusual punishment. . . .

---

[I]mmediate relief should be granted and petitioner['s] sentence[s] vacated as a matter of law.")), the heart of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."), and based upon some of the cases he relies upon, in particular *Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), the undersigned finds that Taylor has properly filed a habeas corpus petition. *See Kennedy v. Louisiana*, __ U.S. __, __, 128 S.Ct. 2641, 2649, 171 L.Ed.2d 525 (2008) ("[T]he Eighth Amendment's protection against excessive or cruel and unusual punishments flows from the basic 'precept of justice that punishment for [a] crime should be graduated and proportioned to [the] offense.' *Weems v. United States*, 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910)."), *opinion modified on denial of rehearing*, __ U.S. __, 129 S.Ct. 1, 171 L.Ed.2d 932 (2008). Of course, if this Court were able to reach the merits of Taylor's claim, which it cannot since his petition is clearly barred by the one-year statute of limitations, it could only consider whether petitioner's sentences (10 years and 14 consecutive life sentences) were proportionate to the offenses (one count of receiving stolen property in the first degree and numerous counts each of first-degree rape, sodomy, kidnapping and robbery), not whether he has adequate food, shelter and sanitation.

It is clear from the foregoing, particularly petitioner's citation to and reliance upon *Weems v. United States, supra*, that Taylor had all the ammunition he needed to attack his sentences (as cruel and unusual punishment) on direct and collateral review (both state and federal) following his convictions in 1998. His failure to follow this course, and this Court's application of the one-year statute of limitations due to such failure, cannot now be circumvented by Taylor's conclusory contention that he raised the claim that his sentences constitute cruel and unusual punishment to the Alabama Board of Pardons and Paroles. Notwithstanding petitioner's utter failure to establish that the Alabama Board of Pardons and Paroles has the authority to act upon such a claim or that the action taken by the Board was flagrant or unauthorized, *see Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991) ("Applying *Greenholtz* [*v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)], we have previously determined that the Alabama parole statute, Ala.Code § 15-22-26 (1975), does not confer a liberty interest in parole that is protected by the Due Process Clause because the statute provides that parole may be granted at the Board's discretion. Accordingly, we noted that federal courts should not interfere with the discretionary decisions of the Board 'absent flagrant or unauthorized action' by the Board.") (internal citation omitted); *Lee v. Campbell*, 2007 WL 3205672, *1 (M.D. Ala. 2007) ("Under Alabama law, the decision to grant a prisoner parole is left to the discretion of the Board. Therefore, a prisoner does not have a liberty interest in parole that is protected by the Due Process Clause. For this reason, 'federal courts should not interfere with the discretionary decisions of the Board "absent flagrant or unauthorized action" by the Board.'") (internal citations omitted); *Martin v. Alabama Board of*

## **CONCLUSION**

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 12th day of January, 2009.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

*Pardons & Paroles*, 597 So.2d 214, 215 (Ala.Civ.App. 1992) ("We remind appellant [] that although he is entitled to be considered for parole, the granting of parole is not a legal right but is subject to the discretion and power of the Board."), it cannot be disputed that Taylor could and should have attacked his sentences, as cruel and unusual punishment, on direct and collateral review following his convictions in 1998. He cannot (now) be saved from AEDPA's one-year statute of limitations by specious and conclusory arguments.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                             s/WILLIAM E. CASSADY
                                             UNITED STATES MAGISTRATE JUDGE